41 So.2d 769

**OPINION OF THE JUSTICES.**

**No. 101.**

Supreme Court of Alabama.

June 30, 1949.

Opinion of the Justices of the Supreme Court in response to questions propounded by the Governor under Code 1940, Tit. 13, § 34, as to interpretation of Section 55 of the Constitution, relating to the right of members of the legislature to dissent from or protest against an act or resolution.

The Honorable Chief Justice and
Associate Justices of the
Supreme Court of Alabama
Montgomery, Alabama

Gentlemen:

On behalf of a number of the members of the Legislature of Alabama and upon their request, in accordance with the provisions of Title 13, Section 34, Code of Alabama 1940, I respectfully ask your opinion on the following questions:

1. What is the meaning of the word "act" and "resolution" contained and as used in Section 55, Constitution of Alabama 1901?

2. In your opinion, is the word "act" as used in said Section 55 synonymous with the word "bill"; or does the word "act" as so used in said Section 55 embrace only those enactments of the Legislature which have been passed by both Houses of the Legislature and approved by the Governor, or otherwise become law?

3. At what point in the legislative process of the enactment of a bill into law may a member of the Legislature "dissent from or protest against any act or resolution which he may think injurious to the public, or to an individual, and have the reason for his dissent entered on the journal", as provided in said Section 55?

Respectfully submitted,
/s/ James E. Folsom
Governor

The Honorable James E. Folsom
Governor of Alabama
Montgomery, Alabama

Dear Sir:

This acknowledges your inquiry under date of June 17, 1949, propounding the following questions:

"1. What is the meaning of the word 'act' and 'resolution' contained and as used in Section 55, Constitution of Alabama 1901?

"2. In your opinion, is the word 'act' as used in said Section 55 synonymous with the word 'bill'; or does the word 'act' as so used in said Section 55 embrace only those enactments of the Legislature which have been passed by both Houses of the Legislature and approved by the Governor, or otherwise become law?

"3. At what point in the legislative process of the enactment of a bill into law may a member of the Legislature 'dissent from or protest against any act or resolution which he may think injurious to the public, or to an individual, and have the reason for his dissent entered on the journal', as provided in said Section 55?"

The supplied emphasis in the constitutional provision is that which is germane to this opinion:

"Each house shall keep a journal of its proceedings and cause the same to be published immediately after its adjournment, excepting such parts as, in its judgment, may require secrecy; and the yeas and nays of the members of either house on any question shall, at the request of one-tenth of the members present, be entered on the journal. *Any member of either house shall have liberty to dissent from or protest against any act or resolution which he may think injurious to the public, or to an individual, and have the reason for his dis-*

*sent entered on the journal."* Section 55, Article IV, Constitution 1901.

Before catagorically answering the several questions, it is necessary to take notice of the historical background of this provision for any understanding of its import.

This privilege of protest or dissent seems to have come from the British parliamentary system, which accorded the peers the privilege of registering their protest or dissent with respect to the taking of any question. A recognized authority on this subject is the late Honorable Luther Stearns Cushing and in his exhaustive treatise on the Law and Practice of Legislative Assemblies, as regards this privilege, he has this to say:

"The use of protests or dissents, entered in the journals, which in England is peculiar to the house of lords, prevails here in all our legislative assemblies, and, in some of the States, is expressly regulated and secured by constitutional provisions. By the constitutions of New Hampshire, Vermont, North Carolina, Florida, Tennessee, Ohio, Michigan, Iowa, and Alabama, any one member of either branch may dissent from and protest against any act or proceeding, which he considers injurious to the public, or to any individual, and have his reasons therefor entered in the journal. * * *" Cushing, Law and Practice of Legislative Assemblies, p. 166, § 410.

This privilege, accorded only to the members of the House of Lords, is probably due to their peerage and the fact that it is not necessary for a lord to be present to have his vote recorded, being privileged to vote by proxy. The House of Lords has power of judicature and three present members constitute a quorum. Parliamentary Government in England, by Todd. And the privilege of protest or dissent is accorded the absent as well as the present members with reference to any vote taken on any question. Cushing, supra, p. 706, § 1819.

And the time for making protestation or entering dissents to any vote is set by standing order (rule) of the house. Cushing, supra, p. 707, § 1820.

Cushing makes no distinction as regards this privilege of protest or dissent between an act or a resolution or a proceeding or any question on which a vote of the body has been passed, so, we take it, under this provision of our Constitution, evidently an inheritance from the British system, when the legislative body is not exercising power of judicature, such as impeachment, etc., that the privilege of protest or dissent is available with reference to the taking of any question on which a vote has been cast and the matter having received a majority vote. "Act" as used in this provision of the Constitution seems not to have had reference to a measure which has finally been enacted into law.

In this connection, however, it should be specifically noted that under the British parliamentary system the dissent or protestation is not to be used frivolously, irregularly, disorderly, or improperly, and "if a protest, or any part of it, or any of the reasons, are disrespectful to the house, or, in any respects improper to remain upon the journal, they may be ordered to be expunged." Cushing, supra, p. 707, § 1820.

And,

" * * * The right to expunge whatever it pleases from the journal of its proceedings is one which can only be limited, like the right of expulsion, by the absolute discretion of the assembly; and is not restrained by the constitutional right of a member, to enter a protest thereon, or by the constitutional injunction to keep and publish a journal. * * *" Cushing, supra, p. 172, § 424.

Answering your several questions, then, our opinion is:

1. "Act" or "resolution" connotes any proceeding in the legislative process on which a vote has been favorably taken.

2. The word "act" as used in the section comprehends the term "bill" after the question has been taken and received a passing vote.

3. The time for such protestation or of entering such dissent, and the nature and extent thereof, are subject to the rule

of the body under its rule-making power as prescribed in § 53 of the Constitution.

Respectfully submitted,

JOEL B. BROWN
ARTHUR B. FOSTER
J. ED. LIVINGSTON
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY,
Associate Justices.